IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-02203-MSK-BNB

INTERNATIONAL HOUSE OF PANCAKES, INC., a Delaware corporation,
IHOP PROPERTIES, INC., a California corporation, and
IHOP RESTAURANTS, INC., a Delaware corporation,

    Plaintiffs,

v.

ASGHAR HAJLOO, an individual,
SUPERIOR HAJLOO, INC., a Colorado corporation,
PUEBLO HAJLOO, INC., a Colorado corporation, and
ASHLEIGH, INC., a Colorado corporation,

    Defendants.

## ORDER DISCHARGING ORDER TO SHOW CAUSE, CONFIRMING ARBITRATION AWARD AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on the Plaintiffs' Motion to Confirm Arbitrator's Interim Reasoned Award Dated March 17, 2005 **(#87)**. Having considered the motion, the response **(#88),** and the reply **(#91)**, the Court

**FINDS** and **CONCLUDES** that:

On March 17, 2005, Arbitrator Raymond Lee Payne, Jr. issued an Interim Reasoned Award ("the Award") which addresses all of the claims and counterclaims asserted in the case at bar. **(#87, Exhibit A)**. After making factual findings, he directed the Defendants (collectively, "Hajloo") to surrender possession of two restaurants, leased equipment, and IHOP trademarked items to the Plaintiffs (collectively, "IHOP"), to pay royalties to IHOP from the October 31, 2003

termination date to the date of surrender, to pay attorney fees and costs to the IHOP, and to make payments upon a promissory note. The Award states at its conclusion: "Jurisdiction over this Arbitration shall be retained pending this Arbitrator completing calculation of the monetary damage awards, to be done upon the Parties [sic] submission of the required financial information."

Hajloo moved the Court to vacate the Award. The Court denied **(#85)** such motion and directed the parties to show cause why the Award should not be confirmed and this case closed.

IHOP then filed a motion asking the Court to confirm the Award, as well as a response to the show cause order. In such motion, it acknowledges that the Award was an "interim" award because it contemplated the calculation of additional monetary damages following an accounting, as well as additional attorney fees and costs. However, it expressly waives its right to any additional awards in the interest of finalizing the Award. It instead asks the Court to award it attorney fees and costs as set forth in an affidavit they submitted to the Arbitrator, which is attached as Exhibit B to the motion. These are attorney fees in the amount of $342,467.00 and costs in the amount of $56,517.75, for a total award of $398,984.75. IHOP also asks the Court to apportion this award between the four Defendants as follows: Ashleigh, Inc. ($99,746.19), Pueblo Hajloo, Inc. ($99,746.19), Superior Hajloo, Inc. ($99,746.19), and Asghar Hajloo ($398,984.75, jointly and severally with the other Defendants). IHOP further asks the Court to order that Asghar Hajloo and Pueblo Hajloo, Inc. are jointly and severally liable to IHOP on a promissory note for the sum of $92,040.00.

In response to both the motion and the show cause order, Hajloo acknowledges that based upon the Court's prior rulings, there is no basis to oppose confirmation of the Award and

"procedurally it is appropriate for this Court to finalize the Arbitration Award." However, in order to preserve any right to challenge the Award on appeal, Hajloo objects to confirmation of the Award. Hajloo does not contest the reasonableness of the attorney fees or costs requested by IHOP or IHOP's requested allocation of liability as to the same and the promissory note.

Pursuant to 9. U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. . . .

The parties' Franchise Agreements specify that "judgment upon [an arbitration] award may be entered in any court having jurisdiction thereof[.]"

**IT IS THEREFORE ORDERED** that:

(1)     The Order to Show Cause **(#85)** is **DISCHARGED**.

(2)     The Arbitrator's Interim Reasoned Award, attached as Exhibit A to the Plaintiffs' Motion **(#86)**, is **CONFIRMED**. The Plaintiffs are awarded attorney fees in the amount of $342,467.00 and costs in the amount of $56,517.75, for a total award of $398,984.75. This award shall be apportioned between the Defendants as follows: Ashleigh, Inc. ($99,746.19), Pueblo Hajloo, Inc. ($99,746.19), Superior Hajloo, Inc. ($99,746.19), and Asghar Hajloo ($398,984.75, jointly and severally with the other Defendants). Defendants Asghar Hajloo and Pueblo Hajloo, Inc.

3

are jointly and severally liable to the Plaintiffs on a promissory note for the sum of $92,040.00.

(3)     The Clerk of Court is directed to close this case.

Dated this 13th day of January, 2006

                                                     **BY THE COURT:**

                                            _/s/ Marcia S. Krieger_

                                            Marcia S. Krieger
                                            United States District Judge